UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH YOUNG JOO CHANG,<br><br>　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al*.,<br><br>　　　Defendants. | Civil Action No. 25-4189 (RBW) |

## ANSWER[1]

Defendants, U.S. Customs and Border Protection ("CBP" or "Defendant CBP") and Department of Homeland Security, respectfully submit this Answer to Sarah Young Joo Chang's ("Plaintiff") complaint (ECF No. 1 "Complaint") in this action under the Privacy Act, 5 U.S.C. § 552a. Defendants reserve their right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

## RESPONSES

Defendants respond to the separately numbered paragraphs and request for relief contained in the Complaint. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. This paragraph purports to describe this action, to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff brings this action pursuant to the Privacy Act.

## PARTIES

3. Defendants admit Plaintiff is a U.S. citizen and that she is the subject of certain records maintained by CBP. Defendants lack sufficient information or knowledge to admit or deny the remainder of allegations in the first sentence of this paragraph.[2]

4. Defendants admit that CBP is an agency of the United States government, headquartered at 1300 Pennsylvania Avenue, N.W., Washington D.C., and a component of the U.S. Department of Homeland Security. The remainder of this paragraph contains Plaintiff's characterization of this action and legal conclusions to which no response is required.

## JURISDICTION AND VENUE

5. This paragraph contains Plaintiff's allegations concerning jurisdiction, relief available, and venue, which consist of legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the Court has jurisdiction over this subject matter subject to the terms and limitations of the Privacy Act and admit that venue is proper in this district for a properly stated Privacy Act claim.

---

[2] For ease of reference, Defendants' Answer replicates the non-sequential paragraphs numbers contained in the Complaint.

## LEGAL FRAMEWORK FOR THE PRIVACY ACT

6. This paragraph contains conclusions of law to which no response is required.

7. This paragraph contains conclusions of law to which no response is required.

8. This paragraph contains conclusions of law to which no response is required.

9. This paragraph contains conclusions of law to which no response is required.

10. This paragraph contains conclusions of law to which no response is required.

11. This paragraph contains conclusions of law to which no response is required.

## FACTS

12. Defendants admit that CBP operates systems of records, some of which include information about Plaintiff, and Defendants respectfully refer the Court to the records provided to Plaintiff included in Exhibit B to the Complaint for a full and accurate representation of their contents and deny any allegations inconsistent therewith.

13. Defendant CBP admits Plaintiff submitted a Privacy Act request to CBP on or about February 10, 2025 (the "Request") and respectfully refers the Court to the Request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendant CBP respectfully refers the Court to the Request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

15. Defendant CBP admits that Defendant provided an acknowledgment letter on or about February 11, 2025, and respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

16. Defendant CBP admits that on or about March 17, 2025, Defendant issued a response to Plaintiff's request and respectfully refers the Court to the response to Plaintiff's request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant CBP admits CBP received an email from Plaintiff's counsel on or about April 18, 2025, and respectfully refers the Court to the email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

18. Defendant CBP respectfully refers the Court to Exhibit F and Exhibit G of the Complaint for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

19. Defendant CBP respectfully refers the Court to Exhibit F of the Complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Defendant CBP respectfully refers the Court to Exhibit G for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Defendant CBP respectfully refers the Court to Exhibit G for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Defendant CBP respectfully refers the Court to Exhibit E for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

23. Admit that as of April 24, 2025, Defendant CBP had not acknowledged the appeal. Defendant CBP respectfully refers the Court to Exhibit E for a full and accurate statements of its contents and denies any allegations inconsistent therewith.

24. Defendant CBP admits that on the date of the filing of the Complaint, more than 30 days had passed since Plaintiff submitted the request for review on or about April 18, 2025. Defendant CBP denies the remaining allegations in this paragraph and avers the CBP Privacy Office replied via email to the request for review on July 8, 2025.

25. The allegations in paragraph 25 consist of conclusions of law to which no response is required.

26. The allegations in paragraph 26 consist of conclusions of law to which no response is required.

27. The allegations in paragraph 27 consist of conclusions of law to which no response is required.

## COUNT I
### (Violation of the Privacy Act, 5 U.S.C. §552a(d)(3))

28. Defendants incorporate their responses in paragraphs 1-27 above as set forth herein.

29. The allegations in paragraph 29 consist of conclusions of law to which no response is required.

30. The allegations in paragraph 30 consist of conclusions of law to which no response is required.

31. The allegations in paragraph 31 consist of conclusions of law to which no response is required. To the extent the allegations in paragraph 31 are construed to be factual allegations, Defendant CBP denies.

32. The allegations in paragraph 32 consist of conclusions of law to which no response is required. To the extent the allegations in paragraph 32 are construed to be factual allegations, Defendant CBP denies.

33. The allegations in paragraph 33 consist of conclusions of law to which no response is required. To the extent the allegations in paragraph 33 are construed to be factual allegations, Defendant CBP denies.

34. The allegations in paragraph 34 consist of conclusions of law to which no response is required.

35. The allegations in paragraph 35 consist of conclusions of law to which no response is required. To the extent the allegations in paragraph 35 are construed to be factual allegations, Defendant CBP denies.

## RELIEF REQUESTED

The remaining numbered subparagraphs following the word "WHEREFORE" consist of Plaintiff's request for relief, to which no response is required. To the extent Plaintiff's Relief Requested is deemed to contain factual allegations, Defendants deny those allegations and further aver that Plaintiff is not entitled to the relief requested or to any relief whatsoever.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

Defendants' actions did not violate Privacy Act or any other statutory or regulatory provision, and at all times Defendants acted in good faith.

### THIRD DEFENSE

Plaintiff is not entitled to compel the amendment of records under the Privacy Act when such records are exempt or excluded from being subject to Privacy Act amendment.

### FOURTH DEFENSE

Plaintiff's claim under the Privacy Act is moot.

\* \* \*

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees under 5 U.S.C. § 552a(g)(2)(B), and is not entitled to injunctive relief, declaratory relief, mandamus, or any damages or relief whatsoever.

Dated: March 10, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Allison I. Brown*
ALLISON I. BROWN
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7822
allison.brown2@usdoj.gov

*Attorneys for the United States of America*